UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LATASHA SHERMAN | CIVIL ACTION NO. 22-cv-1309 |
| VERSUS | CHIEF JUDGE HICKS |
| KAREN P JOHNSON ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Latasha Sherman ("Plaintiff"), who is self-represented, filed this civil action to complain about an eviction. Plaintiff names as defendants Karen Johnson, CP Commercial Properties, LLC, and Mackey Lane Properties, LLC. For the reasons that follow, it is recommended that the complaint be dismissed.

**The Complaint**

Plaintiff commenced this action by completing a preprinted form complaint. She alleges that she lived in Section 8 housing in Shreveport. In 2019, Plaintiff's landlord, Karen Johnson, sued her for a plumbing bill. Plaintiff alleges that she won that case, and since then, Johnson filed frivolous eviction notices against Plaintiff. Plaintiff was eventually evicted in a proceeding in the Shreveport City Court. Plaintiff complains that Johnson did not serve her with a 30-day notice to vacate by certified mail as required by the CARES Act. She alleges that Johnson's attorney, Mary Winchell, presented fraudulent evidence in the city court proceedings. Plaintiff appealed the eviction and eventually filed a writ application with the Louisiana Supreme Court, but the application was denied as

untimely.  Plaintiff complains that the eviction proceedings violated her due process rights and her rights under the Fifth Amendment.

**Analysis**

Plaintiff does not ask for specific relief in her complaint.  She complains of the eviction proceedings in Shreveport City Court and asserts that her due process rights were violated.  To the extent Plaintiff attempts to challenge the outcome of the city court eviction proceedings, her claims are barred by the Rooker-Feldman doctrine.

Federal courts have limited jurisdiction, and they lack jurisdiction to entertain collateral attacks on final state court judgments. This rule is known as the Rooker-Feldman doctrine.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005) (doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal proceedings commenced and inviting federal district court review and rejection of those judgments).  See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").  If a state court errs, the judgment is to be reviewed and corrected by the appropriate state appellate court.  Recourse through the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court.  Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000).

Courts have applied the Rooker-Feldman doctrine to eviction proceedings.  See Wells v. Ali, 304 Fed. Appx. 292, 294 (5th Cir. 2008) (affirming dismissal under Rooker-Feldman doctrine of lawsuit seeking to relitigate eviction-related claims in federal court)

and Goulla v. Wells Fargo Bank, 2022 WL 1237601, at *4 (W.D. Tex. 2022) ("Plaintiff cannot challenge the validity of a state court judgment or order for eviction in federal court because such challenges are prohibited by the Rooker-Feldman doctrine."). Accordingly, the court lacks jurisdiction to hear any attack by Plaintiff on the final judgment issued in the state court eviction proceeding.

Plaintiff named as defendants Karen Johnson, CP Commercial Properties, LLC, and Mackey Lane Properties, LLC. To the extent that Plaintiff attempts to assert claims against those defendants based on 42 U.S.C. § 1983, such a claim would also fail. Only "state actors" may be sued for federal civil rights violations under Section 1983. The complaint indicates that the landlord defendants are a private individual and private companies, not city or state officials. A private citizen can become a "state actor" only when their conduct is fairly attributable to the State. "A landlord does not act 'under color of state law' simply by filing suit against a tenant or by failing to comply with the requirements of a state statute or procedural rule." Brown v. Crawford, 2008 WL 508390, *2 (N.D. Tex. 2008), citing Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1250 (D. Kan. 1998), aff'd, 153 F.3d 726 (10th Cir. 1998) (landlords did not act under color of law by simply filing eviction suits in state court). See also Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538 (1st Cir. 2021) (private company that managed low-income housing and evicted the plaintiff was not a state actor) and Parr v. Colantonio, 844 Fed. Appx. 476 (3rd Cir. 2021) (private landlord that obtained eviction order in state court was not a state actor). All of the allegations against the landlord defendants depict them as private individuals and companies who obtained a routine eviction from a privately owned residence. There is,

therefore, no basis to find that they were state actors who could be liable under Section 1983.

Plaintiff's complaint also lists various Section 8 housing regulations as potential bases for federal question jurisdiction. There is no specific jurisdictional grant to federal courts to enforce a tenant's rights. GMA Properties v. Stewart, 2015 WL 5838272 (E.D. La. 2015). 24 C.F.R. § 882.511(e) states that "[a]ll evictions must be carried out through judicial process under State and local law." The Section 8 regulations cited by Plaintiff do not create federal question jurisdiction over eviction proceedings.

Plaintiff also references unspecified executive orders. To the extent she is referring to the CDC's Order titled "Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19," dated September 4, 2020, that order does not provide a basis for federal question jurisdiction. See Holliday v. CPAI Property Holding LLC, 2021 WL 5826149, at *3 (E.D. La. 2021) (agreeing with reasoning of other courts that found the CDC Order does not create a federal question and finding "Plaintiff is alleging a wrongful eviction, a matter which is more appropriately addressed in state court."). See also McInnis v. Veteran's Vill., 2022 WL 815209, at *4 (N.D. Ind. 2022) ("Every court that has looked at this issue—whether the CDC Order provides a private right of action—has determined that the CDC Order and the code sections relied upon in the Order do not create a private right of action.").

Accordingly,

It is recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of August, 2022.

Mark L. Hornsby
U.S. Magistrate Judge